ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. STINSON.   (No. 1971.)

(Court of Civil Appeals of Texas. Texarkana. May 16, 1918. Rehearing Denied May 23, 1918.)

1. TRIAL ⟶251(3)—INSTRUCTIONS—ISSUES.
    Where a shipper claims damages to stock for time confined in pens because carrier did not ship them on a certain train, it was error to instruct generally that plaintiff's measure of damages would be the difference in the market value in the condition they were when they reached the pens and the condition they should have been in had there been no delay, where shipper had put the stock in the pens the day before they were to be shipped.

2. COMMERCE ⟶34—INTERSTATE COMMERCE—CONTINUOUS SHIPMENT—CHARGES.
    Where shipper contracted with one railroad in Arkansas to ship stock to Texarkana, where he received them personally and drove them across the state line, and entered into contract with another railroad to ship them to another point in Texas, the latter railroad could not claim that there was a continuous shipment so as to entitle it to the interstate rate.

Appeal from Franklin County Court; O. L. Reaves, Judge.

Suit by J. C. Stinson against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed in part, and reversed and remanded in part.

As made by his pleadings, appellee's suit was for $250 damages he claims he had suffered because of injury to 158 head of cattle owned by him and delivered by him to appellant at Texarkana, Tex., on the afternoon of January 12, 1917, for transportation to Mt. Vernon, Tex. He alleged that appellant in the exercise of due care should have transported the cattle to Mt. Vernon in a train which left Texarkana at 6:40 o'clock of the morning of January 13th, but that instead it negligently failed to send them in that train, and that as a consequence the cattle had to remain in appellant's pen at Texarkana until 7:02 o'clock of the afternoon of said January 13th. He further alleged that because of the severity of the weather while they were confined in said pen from 6:40 a. m. to 7:02 p. m. of said January 13th the cattle lost flesh, and, becoming restless, hooked and thereby injured each other. The finding of the jury and judgment of the court were in appellee's favor for the full amount he sued for.

By a cross-action appellant sought a recovery of $284.76 against appellee. As a basis for such a recovery it alleged that appellee, having the cattle at Arkadelphia, Ark., for shipment to Mt. Vernon, Tex., instead of shipping them directly from the former to the latter place, shipped them from the former by way of Hope and Ashdown to Texarkana, Ark., and then shipped them from Texarkana, Tex., to Mt. Vernon. Appellant alleged that the difference between the interstate rate chargeable on such shipments when made directly from Arkadelphia, Ark., to Mt. Vernon, Tex., and the rate chargeable against and paid by appellee on the shipment as actually made by him was said sum of $284.76. And it further alleged that appellee shipped the cattle as he did for the purpose of evading the payment of the interstate rate on such shipments from Arkadelphia, Ark., to Mt. Vernon, Tex., and therefore was liable for the difference between that rate and the rate paid by him on the shipment as actually made. The finding of the jury and judgment of the court were against the recovery sought by appellant.

J. M. Burford, of Mt. Pleasant, King & Estes, of Texarkana, and E. B. Perkins, of Dallas, for appellant. Wilkinson & Davidson, of Mt. Vernon, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] While it appeared that the cattle were confined in appellant's pens at Texarkana, Tex., from 5:30 o'clock of the afternoon of January 12 to 7:02 o'clock of the afternoon of January 13th, under conditions which might have caused injury to them, appellee did not claim in the evidence that appellant was liable to him for any injury to them except such as they suffered from being confined in the pens from 7:45 o'clock of the morning of said January 13th to 7:02 o'clock of the afternoon of that day. Notwithstanding this, the court in the fifth paragraph of his charge told the jury that, if they found in appellee's favor, the measure of his damages would be the difference in the market value of the cattle in the condition they were in when they reached Mt. Vernon and "the condition they should have been in had there been no delay at Texarkana, Tex." As the instruction authorized the jury, if they found in appellee's favor, to include in the amount of their verdict a sum representing damages they might believe appellee suffered because of injury to the cattle while confined in the pens from 5:30 o'clock p. m. of January 12th to 7:45 o'clock a. m. of January 13th, it plainly was erroneous. And the error is one which requires a reversal of the judgment so far as it is in appellee's favor for damages; for it cannot be said that the amount thereof does not include damages found by the jury on account of injury to the cattle for which appellant admittedly was not liable.

Neither the pleadings nor the evidence made an issue as to negligent delay on the part of appellant in furnishing cars in which to ship the cattle, nor as to negligence on appellant's part with reference to the "facilities" it furnished for shipping the cattle. Therefore part of the charge of the court was inapplicable to the case. Whether appellant was liable to appellee or not depended upon: (1) Whether it was guilty of negligence in not sending the cattle in the train which left Texarkana for Mt. Vernon at 7:45 o'clock a. m. of the morning of January 13th; and (2) if it was, whether such negligence was a proximate cause of injury to the cattle.

The questions made by the assignments numbered 6, 10, 17, 18, 20, 21, 22, 25, 30, and 31, challenging the correctness of the judgment so far as it is in appellee's favor for damages, have, in effect, been disposed of by what has been said. Of the assignments remaining and directed to that part of the judgment, we think those numbered 4, 27, and 28 should be sustained. The others either should be overruled, because without merit, or ignored, because not likely to arise on another trial.

[2] We think the judgment was not erroneous so far as it denied appellant a recovery on its cross-action, and therefore overrule the assignments numbered 7, 8, 9, 23, and 24. The theory upon which the recovery was sought was that the shipment was a continuous one from Arkadelphia, in Arkan-

sas, to Mt. Vernon, in Texas, and therefore was subject to the interstate rate on such shipments from the former to the latter place, which, it was shown, was $284.76 in excess of the amount of the freight paid by appellee. But it conclusively appeared from the testimony that the shipment was not a continuous one from Arkadelphia to Mt. Vernon. On the contrary, it appeared that, under a contract between appellee and the St. Louis, Iron Mountain & Southern Railway Company, the cattle were transported over said company's line of railway, the St. Louis & San Francisco Railway, and the Kansas City Southern Railway from Arkadelphia to Texarkana, Ark., where they were actually delivered to appellee, who afterwards drove them to appellant's pens in Texarkana, Tex., from which point, under a contract between appellee and appellant, they were transported to Mt. Vernon. It may be that the shipment was an interstate one between Arkadelphia and Texarkana, Ark., because of the fact that it passed through Texas in going from the former to the latter place (Hanley v. Railway Co., 187 U. S. 617, 23 Sup. Ct. 214, 47 L. Ed. 333; Railway Co. v. Asher, 171 S. W. 1114; Howard v. Railway Co. [Mo. App.] 184 S. W. 906; Barnes' Interstate Transportation, § 28); but it is clear under the authorities that it was not such a shipment between Arkadelphia and Mt. Vernon (Railway Co. v. Wood, 105 Tex. 178, 146 S. W. 538; Railway Co. v. Pace, 184 S. W. 1052; Railway Co. v. Mathis, 194 S. W. 1135; McFadden v. Railway Co., 241 Fed. 562, 154 C. C. A. 338; Barnes' Interstate Transportation, § 557). Appellant did not claim in its cross-action that the shipment as between Arkadelphia and Texarkana, Ark., was interstate, and that a rate different from the one appellee paid controlled such shipments.

The judgment will be affirmed so far as it is against appellant on its cross-action, and will be reversed so far as it is in appellee's favor for damages, and the cause will be remanded for a new trial on that issue.